NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LOIS B. REILLY ANTHONY | |
| Plaintiff, | Civil Action No. 06-cv-690 (PGS) |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | OPINION |
| Defendant. | |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court upon the appeal of Lois B. Reilly Anthony (Plaintiff), *pro se*, from the Commissioner of Social Security Administration's (SSA) final decision denying a lump sum death payment (LSDP) and recalculation of monthly benefits.

I.

On September 16, 2005, the Hon. Michael H. Noorigian, ALJ, denied Plaintiff's application to receive an LSDP on the record of her deceased ex-husband Ernest Riley.  In her Request for Review of Hearing and Decision/Order, Plaintiff requested that the Appeals Council review the ALJ's action "because the reasons for my requests rendered unfavorable are unclear and/or in opposition to the Social Security Act which I feel states no difference in the surviving spouse and the divorced spouse." (R. at 5).  The Appeals Council affirmed Judge Noorigian's decision.  In addition, in her February 15, 2005 Complaint, Plaintiff complains that the ALJ's unfavorable decision leaves two additional questions unresolved. They are: 1) whether the SSA is incorrectly

holding her first month's benefit; and 2) and whether the monthly benefit amount was correctly calculated.

Plaintiff is currently receiving monthly Social Security benefits based upon the work record of her ex-husband, Ernest Reilly, who died on February 8, 2003. She has been receiving these benefits since October 20, 2004, when she became eligible to receive benefits (age 60). Plaintiff was married to Ernest Reilly from April 1963 to February 1974 when they were divorced. At the time of his death, she was not living with decedent.

II.

This court reviews the Commissioner's decision to determine whether it is based upon correct legal standards and is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. RLRB*, 305 U.S. 197, 229 (1938)). If there is substantial evidence in the record to support the Commissioner's factual findings, they are conclusive and must be upheld. 42 U.S.C. §405(g). In addition, the plaintiff is representing herself so the Court took extra caution in reviewing her complaints. *See*, Bryen v. Becker, 785 F. Supp. 484, 485 (D.N.J. 1991)("When a party is proceeding pro se, they are held to a less stringent standard than the ordinary litigant, and are entitled to a liberal construction of the court's procedural rules.")

III.

The facts here are not in dispute. Plaintiff simply "feels" the Social Security Act does not distinguish between a surviving spouse and a surviving divorced spouse as it concerns the payment of the LSDP of $255.00. As Judge Noorigian ruled, Plaintiff's feeling is incorrect. The statute and

attendant regulations are very specific. The statute provides for payment of an LSDP "to the person, if any, determined . . . . to be the widow or widower of the deceased and to have been living in the same household with the decedent at the time of death." 42 U.S.C. §402(i). Plaintiff admits that she was not living with decedent at the time of his death. In fact, she had been divorced for more than thirty years. Accordingly, Plaintiff does not fit within the statute.

There is a provision for payment of an LSDP to other persons, if there is no surviving spouse who lived with the decedent at the time of death. The pertinent rule limits the payment to a qualifying parent or child. 20 C.F.R. §404.392. Under no circumstances is an LSDP paid to a surviving divorced wife.

At the heart of the issue, Plaintiff is arguing that exclusion of divorced surviving spouses from the class of persons entitled to receive an LSDP is arbitrary and capricious and denies her of equal protection of law. Suffice it to say, Congress has the authority to determine reasonable classes of persons who are entitled to benefits. *Bowen v. Owens*, 476 U.S. 340 (1986). So long as those classifications do not discriminate based upon certain suspect classification, the court will not ordinarily interfere with the legislative branch's prerogative. *Bowen*, supra at 476 U.S. at 348. In this case, Congress limited the LSDP to a relatively specific class of persons. They are the surviving spouse or qualifying parent or child — those who would most likely incur financial hardship upon death of a qualifying person. In *Bowen*, the Supreme Court recognized that "Congress faces an unusually difficult task in providing for the distribution of benefits." Spending the government's money is a job for Congress, not the courts. Hence, this Court will not intervene "unless the choice is clearly wrong." *Bowen*, 476 U.S. at 345. As the Supreme Court noted, there is no "constitutional straightjacket" imposed upon Congress in determining benefit eligibility requirements. *Bowen*, 476

3

U.S. at 348. There is nothing arbitrary or discriminatory about Congress's rationale here.

IV.

Plaintiff also complains that her monthly social security benefits have been incorrectly calculated, and the SSA inappropriately withheld her first month payment. With regard to the amount of the monthly benefit, the ALJ found there was an error in the issuance of an IRS tax form 1099 in March, 2005. According to that 1099, Plaintiff argues she was underpaid about $200 per month. The SSA agrees that the 1099 was in error; but her payments to her were correctly determined and paid. In light of same, ALJ Noorigian reviewed the monthly payment and found the monthly amount being disbursed to Plaintiff was correct.

Plaintiff alternatively argues that income of decedent from Richard's Manufacturing was not included in the SSA's calculations resulting in an underpayment to her. It appears the SSA has no record of such earnings; nor does Richard's Manufacturing. The SSA's records are deemed conclusive. 20 C.F.R. §404.803(a) and (c)(2). Accordingly Judge Noorigian upheld the present award. The determination is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

Finally, Plaintiff argues that the SSA inappropriately delayed payment of benefits by one month. That is, she became eligible for benefits in September, 2004, but did not receive same until October, 2004. It appears that Plaintiff's initial payment was timely made, and in accordance with regulation. See, 20 C.F.R. §416.501. The regulation reads in pertinent part:

**20 C.F.R. §416.501 Payment of benefits: General.**

> Payment of SSI benefits will be made for the month after the month of initial eligibility and for each subsequent month provided all requirements for eligibility (see §416.202) and payment (see

4

§416.420) are met. In the month the individual re-establishes eligibility after at least a month of ineligibility, benefits are paid for such a month beginning with the date in the month on which the individual meets all eligibility requirements. In some months, while the factors of eligibility based on the current month may be established, it is possible to receive no payment for that month if the factors of eligibility for payment are not met. Payment of benefits may not be made for any period that precedes the first month following the date on which an application is filed or, if later, the first month following the date all conditions for eligibility are met.

It is the SSA's practice to pay benefits on the month following entitlement. This is a reasonable practice of the SSA.

V.

Based on the foregoing, this Court affirms the final determination of the Commissioner of Social Security. The appeal is dismissed.

January 22, 2007

PETER G. SHERIDAN, U.S.D.J.